IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBORAH BROWN, Individually and on
Behalf of her Minor Children, H.B. and
B.S.,

                Plaintiff,

v.                                         Civ. No. 09-1058 JCH/ACT

UNITED STATES OF AMERICA and
MICHELLE RAY, Individually and in Her
Official Capacity as Chief of the Pueblo of
Laguna Police Department,

                Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court on Defendant United States of America's *Motion to Strike Plaintiff's First Amended Complaint*, filed May 6, 2010 [Doc. 26].  After carefully considering the motion, briefing, and relevant law, and being otherwise fully informed, the Court finds that Defendant United States of America's motion is not well taken and should be DENIED.

      On November 5, 2009, Plaintiff filed a Complaint for personal injuries, great bodily harm, and other injuries, pursuant to the Federal Tort Claims Act ("FTCA").  *See* Doc. 1.  The United States is the only defendant listed in the Complaint.  The United States answered on February 22, 2010.  *See* Doc. 6.  On March 25, 2010, the parties filed their Joint Status Report and Provisional Discovery Plan ("JSR"), in which Plaintiff alerted the Court that she might seek to amend her Complaint to assert constitutional tort claims against specific individuals.  *See* Doc. 8 at 2.  In the JSR, the parties proposed that Plaintiff be allowed until April 30, 2010 to move to amend the pleadings and also be allowed until April 30, 2010 "to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a)."  *Id.*  On April 8, 2010, the Court, with one

modification not relevant to this issue, adopted the parties' JSR, including the April 30, 2010

deadline for Plaintiff to amend the Complaint or add additional parties.  *See* Doc. 18.  On April

30, 2010, Plaintiff filed an Amended Complaint, adding "Michelle Ray, Individually and in Her

Official Capacity as Chief of the Pueblo of Laguna Police Department" as a defendant.  *See* Doc.

25 ("Amended Complaint") at 1.

Defendant United States of America presents two arguments in support of its motion to

strike Plaintiff's Amended Complaint: (1) that the amendment is improper because Plaintiff did

not seek leave of the Court as required by Fed. R. Civ. P. 15(a); and (2) that the amendment is

futile because the Court lacks subject matter jurisdiction over Plaintiff's claims against the newly-

added Defendant.

Once a party has been served with a responsive pleading, it may amend its Complaint only

with the opposing party's written consent or the Court's leave.[1]  Fed. R. Civ. P. 15(a)(2).  Plaintiff

did not seek the opposing party's written consent to file the Amended Complaint, and therefore

needs leave of the Court to file the Amended Complaint.  Rule 15(a)(2) implicitly contemplates

that a party seeking leave of the Court to amend a Complaint must file a motion stating the

grounds for the request.  *See Calderon v. Kansas Dep't of Social and Rehab. Serv.*, 181 F.3d

1180, 1185 (10th Cir. 1999).  Plaintiff's counsel contends that he interpreted the JSR's April 30

deadline to amend the Complaint or add additional parties to mean that such an amendment could

be made without a motion.  *See* Response to Defendant's Motion to Strike First Amended

Complaint [Doc. 30] at 1.  Although the Court disagrees that filing an amendment by a date

---

[1] Defendant United States of America filed its answer to the initial Complaint on
February 22, 2010 [Doc. 6], so Plaintiff no longer had the option to amend its pleading as a
matter of course pursuant to Fed. R. Civ. P. 15(a)(1).

specified in a JSR discharges a party from the requirement to file an accompanying motion, and

although the Court does not condone Plaintiff's disregard of the rules, however inadvertent, it will

nonetheless grant leave for Plaintiff to file her Amended Complaint, as leave should be freely

given when justice so requires.  *See* Fed. R. Civ. P. 15(a)(2).  Not only is the amendment within

the time contemplated by the Court's scheduling order, but both the Court and the opposing party

were on notice of the contemplated amendment.  *See* JSR [Doc. 8] at 2.  In addition, the reason

for the amendment is abundantly clear in light of Plaintiff's and Defendant's acknowledgment

that the Court lacks subject matter jurisdiction over the constitutional tort claims against

Defendant United States of America that make up her initial Complaint.  *See* Doc. 28 (Joint

Motion to Dismiss for Lack of Jurisdiction).

Defendant United States of America's second argument against allowing the Amended

Complaint is that the amendment is futile because the Court lacks subject matter jurisdiction

against Defendant Ray, because, as a tribal official of the Pueblo of Laguna, she is shielded from

suit by the sovereign immunity of the tribe.  This argument is much better addressed by means of

a Motion to Dismiss, which would give both parties an opportunity to fully brief this potentially

complex issue.

**IT IS THEREFORE ORDERED** that Defendant United States of America's *Motion to Strike Plaintiff's First Amended Complaint*, filed May 6, 2010 [Doc. 26] is **DENIED**, and

Plaintiff's Amended Complaint [Doc. 25] is accepted as filed.

_____

**UNITED STATES DISTRICT JUDGE**