IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DEBORAH BROWN, Individually and on
Behalf of her Minor Children, H.B. and B.S.,**

      Plaintiff,

vs.                                        Civ. No. 09-1058 JCH/ACT

**UNITED STATES OF AMERICA**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant United States' Motion to Compel Plaintiff's Answers and Responses to Discovery Demands, and Supporting Memorandum of Law filed May 25, 2010 [Doc. 37]. Plaintiff filed a response on June 7, 2010 [Doc. 43] and Defendant filed a reply on June 23, 2010 [Doc. 50]. Upon review of the pleadings and the pertinent law, the Court finds that Defendant's Motion is well taken in part.

      The Defendant's reply indicates that Plaintiff has supplemented certain of her answers to interrogatories and responses to requests for production and therefore some of the interrogatories and requests for production referenced in the Motion are no longer at issue. The Court will address the remaining discovery matters that are still in dispute.

      **Interrogatory No. 11** seeks information about the nature and extent of any guardianships over Plaintiff and/or her minor children since June 2007. Plaintiff responded that the guardianships had expired and referred to cause No. PQ2007-00164, Second Judicial District Court. In the reply,

Defendant attached a "Petition for Appointment of Successor Guardian/Conservator" in the matter of Deboarh(sic) K. Brown, Cause No. PQ-2010-00022, which appears to have been filed in May 2010. *See* Certificate of Service, p. 5, Exh. O. The Court will order Plaintiff to supplement her response to Interrogatory No. 11 as to the "Petition for Appointment of Successor Guardian/Conservator," Cause No. PX-2010-00022, and provide information regarding that petition or any other guardianship petition that may have been filed since January 2007 on behalf of the Plaintiff or her children.

**Verification**. Defendant asserts that Plaintiff did not properly verify her answers to interrogatories. Plaintiff asserts that she "answered these Interrogatories under oath and in substantially the form required by 28 U.S.C. § 1746." Rule 33 provides that a party's responses be made under oath. Pursuant to 28 U.S.C. § 1746, a party must verify responses under penalty of perjury. Plaintiff's verification was not made before a notary or verified under penalty of perjury. Plaintiff's verification is not proper. The Court will order Plaintiff to verify all responses including supplemental responses properly by either signing them before a notary or verifying her responses under penalty of perjury.

**Request for Production No. 1** requests Plaintiff to sign an employment records release. Plaintiff signed a release though not in the form requested by Defendant. The Court has reviewed both releases and finds that the release signed by the Plaintiff is sufficient.

**Request for Production No. 2** requests Plaintiff to sign education and academic release forms for her two children. Plaintiff signed releases though not in the form requested by Defendant. The Court has reviewed both releases and finds that Defendant's form is more inclusive and descriptive. The Court will order Plaintiff to sign Defendant's academic and education records release form for her two children.

**Request for Production No. 4** requests copies of documents that support Plaintiff's answer to Interrogatory No. 6 which asks the Plaintiff to substantiate her claim that at all material times, Officer Brown was acting within the course and scope of his authority as a member of the Pueblo Laguna Police Department. Plaintiff originally responded that "the specific exhibits to be used in support of these allegations have not yet been selected." In her supplemental response Plaintiff stated that "when appropriate payment arrangements have been agreed upon between the parties they will be delivered." Response, Doc. 43 at 5. Although the Plaintiff produced 2051 documents on June 7, 2010, in supplementation of her Rule 26 disclosures, there was no indication which of these documents support her answer to Interrogatory No. 6. The Court will order Plaintiff to produce documents in specific response to Request for Production No. 4.

Plaintiff must supplement her answers to interrogatories and responses and provide proper verification of all responses to all interrogatories within twenty (20) days of entry of this Order.

The Court will not enter sanctions at this time, but the Court notes that this is the second time Defendant has had to file a motion to compel to get basic information and documents were in the possession or available to Plaintiff and her counsel. The Court also notes that counsel for Plaintiff has on more then one occasion refused to comply with the Federal Rules of Civil Procedure and utilize Court approved form or forms that comply with statutory requirements. Counsel for Plaintiff responds that his documents are "in substantially the form required." Substantial compliance with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the District of New Mexico or statutory requirements is not satisfactory. Counsel for Plaintiff's insistence on using his forms serves no useful purpose and only results in unnecessary disputes and intervention by the Court.

Plaintiff is skating on thin ice in so far as the entry of sanctions is concerned. Plaintiff is again warned that <u>any</u> failure in the future to comply <u>fully</u> and <u>completely</u> with the Federal Rules, Local Rules and statutory requirements or to insist on using a form that is not in compliance with the Federal Rules, Local Rules or statutory requirements will be met with sanctions which could include a recommendation that Plaintiff's claims be dismissed with prejudice.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**