IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBORAH BROWN, Individually and on
Behalf of her Minor Children, H.B. and
B.S.,
           **Plaintiff,**

v.                                          Civ. No. 09-1058 JCH/ACT

UNITED STATES OF AMERICA, and
MICHELLE RAY, Individually and In Her
Official Capacity as Chief of Police of Laguna
Police Department

           **Defendants.**

## ORDER

This matter comes before the Court on Defendant Michelle Ray's *Motion for Attorney's Fees, Expenses, and Costs*, filed December 16, 2010 [Doc. 77]. After carefully considering the motion, briefing, and relevant law, and being otherwise fully informed, the Court finds that Defendant Ray's motion is not well taken and should be DENIED.

## BACKGROUND

This motion involves a previously dismissed defendant seeking attorney's fees, expenses, and costs directly from Plaintiff's attorney pursuant to 28 U.S.C. § 1927. The case underlying this motion arose from a tragic incident, which is discussed in more detail in the Court's May 27, 2011 Memorandum Opinion and Order [Doc. 109]. The Court offers an abbreviated version here.

On June 10, 2007, Officer Jeremy Brown ("Officer Brown") twice shot his estranged wife, Plaintiff Deborah Brown ("Ms. Brown"), before turning his gun on himself and committing suicide. At the time of the shooting, Officer Brown worked as a police officer for the Pueblo of Laguna Police Department ("LPD"). On the day of the shooting, when Officer Brown was

neither on call nor on duty, he took his assigned police unit to Ms. Brown's residence and used his service weapon to shoot his estranged wife and himself.

For several months prior to the incident, Officer Brown had been despondent over the breakdown of his marriage to Ms. Brown. This despondency worsened in the weeks leading up to the incident, to the point that Officer Brown expressed suicidal ideation. Officer Brown took leave from his job from May 16 through May 25, 2007, and voluntarily sought admission to a hospital for his severe depression and suicidal thoughts on two different occasions. Medical records from those hospital visits indicate that Officer Brown expressed his suicidal ideation to his treating physicians, and that he specifically planned to use his service weapon to take his life. On May 23, 2007, Officer Brown was discharged from the hospital and received a release from his healthcare provider to return to full duty, without restrictions, beginning on May 26, 2007. The Acting Chief of Police of the Pueblo of Laguna Police Department, Michelle Ray ("Chief Ray"), was aware that Officer Brown had been admitted to the hospital during this time, but claims that she was not informed of the exact nature of Officer Brown's medical problems prior to the shooting. Conversely, Ms. Brown contends that either Chief Ray or some other supervisor at the LPD was advised of the specific problems that led to Brown's hospitalization.

Plaintiff initially filed suit under the Federal Tort Claims Act on November 5, 2009, naming the United States as the sole defendant. *See* Doc. 1. Among other claims in the Complaint were constitutional tort claims. The United State's Answer [Doc. 6] raised the Affirmative Defense that the United States has not waived sovereign immunity for suits alleging violations of the Constitution. In a Joint Status Report filed on March 26, 2010, Plaintiff stipulated that the Court lacks subject matter jurisdiction over the constitutional tort claims filed against the United States, and agreed that those claims should be dismissed. *See* Doc. 8 at 2. On

April 30, 2010, Plaintiff filed an Amended Complaint, adding Chief Ray in her official and individual capacities [Doc. 25].  This Amended Complaint alleged that Chief Ray was "vicariously liable for the negligence, intentional torts, and constitutional deprivations of the members of the Pueblo of Laguna Police Department." *Id*. at 4 ¶ 16.  On July 9, 2010, Chief Ray timely moved to dismiss the First Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim.  *See* Doc. 62.  Chief Ray's motion raised several arguments: (1) the claims against Chief Ray in her official capacity were barred by sovereign immunity; (2) claims brought against Chief Ray in her individual capacity pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") are barred because she was not a federal agent acting under color of federal law; (3) *Bivens* claims cannot be based on negligence; and (4) *Bivens* claims cannot be based on vicarious liability.  *See id*.

      On July 6, 2010, prior to filing his motion to dismiss, Chief Ray's counsel sent Plaintiff's counsel a copy of the motion, and asked for his position on the motion no later than the end of the workday.  He did not receive a response prior to filing. *See id*. at 2.  However, at a status conference on July 21, 2010, Plaintiff's attorney indicated that he would not oppose Chief Ray's motion to dismiss, and agreed to dismiss her as a defendant.  *See* Doc. 69.  On that same day, Plaintiff filed a Response to Defendant Ray's Motion to Dismiss in which she indicated that she believed her claims against Chief Ray had merit, but that she was dropping them for strategic reasons. *See* Doc. 66.  On November 18, 2010, the Court entered an Order granting Chief Ray's motion to dismiss.  *See* Doc. 75.  Plaintiff's claims against the United States remained.  On May 27, 2011, the Court closed the case with a Memorandum Opinion and Order granting the United States' *Motion to Dismiss and/or for Summary Judgment* [Doc. 82] on the ground that the United States has not waived its sovereign immunity under the Federal Tort Claims Act for a negligent

failure to prevent an assault and battery.  *See* Doc. 109.

## DISCUSSION

Following her dismissal in this case, Chief Ray brought this motion for attorney's fees and costs, alleging that Plaintiff's attorney ignored controlling law even when it was brought to his attention, and that he disregarded his duties to the Court by failing to conduct basic legal research into whether his claims against Chief Ray had any basis.  *See* Motion for Attorney's Fees [Doc. 77] at 7.  28 U.S.C. § 1927 provides that "[a]ny attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Under Tenth Circuit law, "[s]anctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law.  They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted."  *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005) (second alteration in original).  Contrary to the suggestion by Plaintiff's attorney, the Court need not make a finding of bad faith in order to award sanctions.  Instead, sanctions under § 1927 are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."  *White v. American Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990).  Nonetheless, although the standard is an objective one, sanctions should only be awarded in "extreme" cases.  *Id*.  Although close, the claims initiated against Chief Ray do not rise to this level.

First, the law regarding Chief Ray's amenability to suit is not as clear cut as Defendant Ray's counsel contends.  The question of whether Chief Ray could be considered a federal law

enforcement officer under the contract for the provision of law enforcement services between the Pueblo of Laguna and the Bureau of Indian Affairs raises complex issues of law and fact. Likewise, although Chief Ray correctly asserts that *Bivens* claims cannot be based on negligence, *see Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), Plaintiff's Amended Complaint contains allegations that Chief Ray failed to follow mandatory procedures requiring the administration of an independent fitness for duty examination, and subsequent evidence developed in the case raised at least a colorable question of whether Chief Ray intentionally ignored duties imposed on her by applicable federal standards which resulted in a violation of Plaintiff's constitutional rights.

While these claims may be a stretch, the Court does not find that they rise to the "extreme" standard of a "serious and standard disregard for the orderly process of justice." *White*, 915 F.2d at 1427.  Moreover, it is not clear that sanctions under § 1927 would be proper in this instance, even if the claims against Chief Ray were completely frivolous.  As the Tenth Circuit has noted, following the plain language of § 1927, sanctions should flow only from the unreasonable and vexatious multiplication of proceedings, not from the initiation of an action, however meritless.  *See Steinert*, 440 F.3d at 1224-1225.  As in *Steinert*, Plaintiff acquiesced in Chief Ray's first formal attempt to dismiss the claims against her, so the Court cannot say that Plaintiff "multiplied the proceedings after pleading this claim in the complaint."  *Id*. at 1225.[1]

---

[1] The posture of this case is somewhat different than that in *Steinert*, because this case involved adding Chief Ray as a defendant in a case that was already ongoing, rather than initiating an action against her alone.  However, the logic of the Tenth Circuit's admonition against awarding sanctions under § 1927 for improperly initiating proceedings against a party appears to hold in this instance as well.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant Michelle Ray's *Motion for Attorney's Fees, Expenses, and Costs* [Doc. 77] is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**